UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

FRANKIE L. MCCANN PETITIONER

V. CIVIL ACTION NO. 2:23-CV-151-TBM-ASH

STATE OF MISSISSIPPI RESPONDENT

REPORT AND RECOMMENDATION

Pro se Petitioner Frankie L. McCann sued the State of Mississippi challenging his 2011 statutory rape guilty plea and sentence in the Circuit Court of Wayne County, Mississippi, and the resultant sex-offender-registration requirement. The Court construed McCann's lawsuit as a habeas petition under 28 U.S.C. § 2254 and ordered Respondent to file an answer or other responsive pleading. Respondent moved to dismiss [17], and McCann responded with two motions for default judgment [18, 24] and a motion for relief [21]. As explained below, the undersigned recommends McCann's motions be denied and this habeas petition dismissed for lack of jurisdiction.

I. Facts and Procedural History

On May 16, 2011, McCann pleaded guilty to a charge of statutory rape in Wayne County. On June 30, 2011, the Wayne County Circuit Court sentenced McCann to twenty years in the custody of the Mississippi Department of Corrections, with fifteen years suspended, to be followed by a five-year term of supervised probation. On August 22, 2015, MDOC discharged McCann from its custody at the expiration of his sentence. McCann's supervised probation was revoked once in 2016, and on August 12, 2020, McCann completed his term of supervised probation.

More than three years later, on October 12, 2023, McCann filed this § 2254 petition. His Amended Petition [12] includes four grounds:

Ground One: McCann was coerced into falsely incriminating himself. Am. Pet. [12] at 5.

Ground Two: McCann was denied due process. *Id.* at 7.

Ground Three: McCann was deprived of individual dignity and equal protection of the law. *Id.* at 8.

Ground Four: The State discriminated against McCann. *Id.* at 10.

As relief, McCann asks that the Court (1) order the "dismissal of [the] statutory rape [conviction] from [his] record," (2) "relieve[ him] of [his] duty to register" as a sex offender, and (3) award him "$70,000 for the wrongful conviction." *Id.* at 15. On April 23, 2024, the Court entered an order severing the request for damages into a separate action under 42 U.S.C. § 1983. Order [30]. Respondent filed a motion to dismiss [17], to which McCann responded [25], and Respondent filed a timely reply [28]. McCann filed three motions of his own [18, 21, 24] as well as some additional documents. The undersigned has considered all of McCann's filings.

II. Analysis

A. McCann's Motions

On February 28, 2024, United States Magistrate Judge F. Keith Ball entered an Order [14] directing Respondent to "file an answer or other responsive pleading in this cause within 20 days of the service . . . of a copy of this order." The Order also required Respondent to "file with [its] answer or other responsive pleading full and complete transcripts of all proceedings in the state court . . . arising from Petitioner's statutory rape conviction." Order [14]. Respondent was

served on March 4, 2024, making its answer or responsive pleading due on or before March 24, 2024. Acknowledgment of Service [16].[1] Respondent moved to dismiss on March 22, 2024.

Believing Respondent failed to comply with the Court's order, McCann filed three motions essentially seeking a default judgment in his favor on his claims. Mot. [18] at 2 (asking the Court to rule in his favor "d[ue] to lack of response from Respondent within time[]frame giv[en] by" Court); Mot. [21] at 1, 2 ("asking the court "to order relief requested" because Respondent "fail[ed] to answer or respond to charges or claims"); Mot. [24] at 1 (seeking "default judgment because Respondent failed to answer or deny allegation[s] in petition[]"). He also complains that Respondent "failed to produce transcript[s] ordered by [the] court." Mot. [24] at 1.

Starting with the transcripts, in its motion to dismiss, Respondent represented that "[t]he Wayne County Circuit Court Clerk's Office advised . . . that it has no transcripts concerning McCann's 2011 statutory rape plea and sentence." Mot. [17] at 1 n.1; *see also* Resp. [32] at 2.[2] Respondent cannot produce what does not exist. Its failure to produce transcripts does not entitle McCann to any relief.

As for whether Respondent defaulted, its motion to dismiss was timely filed. Rule 4 of the Rules Governing Section 2254 Cases provides that if the Court does not summarily dismiss a petition, "the judge must order the respondent to file an answer, motion, or other response within a fixed time." The advisory committee notes to the 2004 amendments state "that the response to

---

[1] The Acknowledgment of Service appears to show service on March 14, but it was filed on March 7. *See* Acknowledgment of Service [16].

[2] Respondent indicated that "[i]f th[e] Court determines that transcripts are necessary for proper disposition of th[e] case, [it] will request the transcripts from the court reporter and, if available, file them with th[e] Court upon request." Mot. [17] at 1 n.1. Given the Court's recommendation on the merits, transcripts of the state-court proceedings are not necessary.

a habeas petition may be a motion." And Rule 12 of the Rules Governing Section 2254 Cases states that the Federal Rules of Civil Procedure, "to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Respondent filed its motion under Federal Rule of Civil Procedure 12(b), which provides that a motion to dismiss "must be made before pleading if a responsive pleading is allowed." McCann has not shown that Federal Rule of Civil Procedure 12(b) is inconsistent with the Rules Governing Section 2254 cases. Respondent timely moved to dismiss, discharging its pleading obligations.[3] The undersigned therefore recommends McCann's motions [18, 21, 24] be denied.

B. Respondent's Motion to Dismiss

"A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Engle v. Isaac*, 456 U.S. 107, 119 (1982) (quoting 28 U.S.C. § 2254(a)). The Supreme Court "ha[s] interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). A habeas petitioner does not "remain[] 'in custody' under a conviction after the sentence imposed for it has fully expired." *Id.* at 492. That is so even if some "collateral consequences" of a fully expired conviction remain. *Id.*

A judge of the Fifth Circuit ruling on a motion for a certificate of appealability recently observed that the Fifth Circuit "has twice held that a petitioner's 'obligation to register as a sex offender does not render him "in custody" for purposes of a § 2254 challenge.'" *Lempar v.*

[3] Even if Respondent had been in default, "[d]efault judgment is not appropriate in a *habeas* proceeding because the failure of respondent to file an answer does not entitle a petitioner to *habeas corpus* relief." *McCoy v. Fisher*, No. 2:15-CV-120-KS-MTP, 2016 WL 8738276, at *1 (S.D. Miss. Feb. 12, 2016) (collecting cases).

*Lumpkin*, No. 20-50664, 2021 WL 5409266, at *1 (5th Cir. June 8, 2021) (Ho., J.) (quoting *Sullivan v. Stephens*, 582 F. App'x 375, 375 (5th Cir. 2014), and citing *Johnson v. Davis*, 697 F. App'x 274, 275 (5th Cir. 2017) ("The fact that Johnson is required to register as a sex offender as a result of his 1976 convictions does not mean that he is 'in custody' within the meaning of § 2254.")). Judge Ho distinguished a Third Circuit decision to the contrary "based on Pennsylvania state court cases construing Pennsylvania's sex offender registration regime as punitive instead of remedial." *Lempar*, 2021 WL 5409266, at *2 (citing *Piasecki v. Court of Common Pleas, Bucks Cnty.*, 917 F.3d 161, 173–74 (3d Cir. 2019)); *see id.* ("Both this court and Texas courts have reached the opposite conclusion, holding that Texas's sex offender registration laws are remedial and not punitive.").

The Fifth Circuit has not yet addressed the Mississippi Sex Offenders Registration Law (MSORL). *See* Miss. Code Ann. § 45-33-21 *et seq.* The Mississippi Supreme Court has characterized Mississippi's sex offender registration statute as "a civil, non-punitive regulatory scheme." *Garrison v. State*, 950 So. 2d 990, 993 (Miss. 2006); *see also Jackson v. State*, 224 So. 3d 1254, 1257–58 (Miss. Ct. App. 2017); *Williams v. State*, 161 So. 3d 1124, 1126 (Miss. Ct. App. 2015). This is consistent with MSORL's codified "[l]egislative findings and declaration of purpose," which document the law exists for remedial, non-punitive goals:

> The Legislature finds that the danger of recidivism posed by criminal sex offenders and the protection of the public from these offenders is of paramount concern and interest to government. The Legislature further finds that law enforcement agencies' efforts to protect their communities, conduct investigations, and quickly apprehend criminal sex offenders are impaired by the lack of information shared with the public, which lack of information may result in the failure of the criminal justice system to identify, investigate, apprehend, and prosecute criminal sex offenders.
>
> The Legislature further finds that the system of registering criminal sex offenders is a proper exercise of the state's police power regulating present and ongoing conduct. Comprehensive

> registration and periodic address verification will provide law enforcement with additional information critical to preventing sexual victimization and to resolving promptly incidents involving sexual abuse and exploitation. It will allow law enforcement agencies to alert the public when necessary for the continued protection of the community.

Miss. Code Ann. § 45-33-21. Another judge in this district recently reached the same conclusion on MSORL. *Massey v. Tindell*, No. 3:22-CV-727-HTW-LGI, 2024 WL 4052251, *3 (S.D. Miss. Jan. 30, 2024), *report and recommendation adopted*, 2024 WL 4046582 (S.D. Miss. Sept. 4, 2024).

McCann's sentencing order does not impose sex offender registration as an element of his sentence. Sentencing Order [17-3]. MSORL imposed this requirement on McCann as a consequence of the crime for which McCann was charged and pleaded guilty.[4] Additionally, the Court agrees with *Massey* that MSORL is remedial not punitive. This case, therefore, fits squarely within *Lampley*, 2021 WL 5409266, *Johnson*, 697 F. App'x 274, and *Sullivan*, 582 F. App'x 375. As a result, McCann was not "in custody" under his 2011 rape conviction at the time he filed this habeas petition. The Court thus lacks jurisdiction to review his challenge to that conviction under § 2254. *Romero v. Davis*, 813 F. App'x 930, 932 (5th Cir. 2020) (citing *Maleng*, 490 U.S. at 492).[5]

Because the Court lacks jurisdiction over McCann's habeas petition, the Court need not address Respondent's other arguments for dismissal.

---

[4] McCann's Petition to Enter Plea of Guilty [17-1] memorializes his obligation to register under MSORL based on his plea of guilty to a sex offense under Mississippi Code section 45-33-25.

[5] If the Court had jurisdiction to consider McCann's petition, the undersigned would recommend its dismissal as time-barred for the reasons set forth in Respondent's Motion to Dismiss. *See* Mot. [17] at 7–16; Reply [28] at 3–6.

## III. Conclusion

The undersigned therefore recommends the Court deny McCann's motions and dismiss the petition for lack of jurisdiction.

## IV. Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[6] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 6th day of November, 2024.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

[6] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).